**UNITED STATES DISTRICT COURT**  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00830-DOC-MRW          Date: November 13, 2020

Title: DANIEL MCNALLY V. THE KINGDOM TRUST COMPANY

PRESENT: <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS [39]**

Before the Court is Defendant Kingdom Trust Company's ("Defendant") Motion to Dismiss ("Motion") (Dkt. 39). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS the Motion and hereby dismisses the case.

### I. Background

Plaintiff Daniel McNally ("Plaintiff") alleges violations of the California Corporation Code as well as a variety of tort causes of action. Compl. (Dkt. 1) ¶ 166–244. Plaintiff alleges that he was the victim of a Ponzi scheme in which Defendant knowingly assisted Plaintiff's investment adviser in perpetrating the alleged fraud. *Id*. at ¶ 12. Plaintiff further alleges that "the epicenter" of the fraudulent scheme was an account held by Defendant in which funds were improperly managed. *Id*. at ¶ 13.

The Kingdom Trust account at issue in this case was opened pursuant to a Custodial Services Agreement ("CSA") between defendant and the fund managed by Plaintiff's investment adviser. *Id*. at ¶ 134. In Plaintiff's words, the CSA mandated that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00830-DOC-MRW  Date: November 13, 2020
                                                                                                    Page 2

Defendant "safeguard the respective . . . money, safe-keep it in separate accounts and not commingle it with any other Fund's money . . . ." *Id.* at ¶ 136.

The CSA contained the following clause:

This Agreement shall be governed by and construed according to the laws of the State of Kentucky. Any suit filed against Kingdom arising out of or in connection with this Agreement shall only be instituted in the county courts of Calloway Country [sic], Kentucky.

Mot. at 6–7.

### a. Procedural History

On April 29, 2020, Plaintiffs filed the complaint (Dkt. 1). Defendants filed the instant Motion on August 13, 2020 (Dkt. 39). Plaintiffs opposed the Motion on October 13, 2020 ("Opp'n") (Dkt. 50), and Defendants filed a Reply on October 26, 2020 (Dkt. 53).

## II. Discussion

In the Ninth Circuit, motions to dismiss brought pursuant to forum selection clauses are treated as motions to dismiss for improper venue under Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The United States Supreme Court and Ninth Circuit have made clear that mandatory forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972); *Murphy v. Schneider Nat'l, Inc.*, 349 F.3d 1224, 1231 (9th Cir. 2003).

The Court must first determine whether the forum selection clause at issue covers the allegedly offensive conduct, and, if it does, the Court must also determine whether any factors are present that would make enforcement of the clause unreasonable. As explained below, the Court finds that the clause does govern this dispute and that it is valid and enforceable.

### a. Scope of the Forum Selection Clause

The Court must first address whether the forum selection clause is mandatory or permissive and whether the action falls within the scope of the forum selection clause.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00830-DOC-MRW  Date: November 13, 2020
Page 3

In *Atlantic Marine*, the Supreme Court did not address the distinction between permissive and mandatory forum selection clauses. However, "[d]istrict courts across the country have . . . recognized that the analysis on a motion to transfer based on a forum-selection clause begins with whether the clause is mandatory or permissive. If the forum-selection clause is permissive, the courts have consistently declined to apply *Atlantic Marine*." *Fin. Cas. & Sur., Inc. v. Parker*, 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014). Accordingly, even though parties have not addressed this issue, the Court will analyze whether the Agreement's forum selection clause is permissive or mandatory.

The court must first consider the contract's plain language, "with the understanding that the common or normal meaning of the language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Simonoff*, 643 F.3d at 1205; *AOL*, 552 F.3d at 1077. "The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV-14-02139-MWF VBKX, 2015 WL 1608991, at *45 (C.D. Cal. Apr. 10, 2015) (quoting *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989)) (internal quotation marks omitted). For a clause to be mandatory, it "must contain language that clearly designates a forum as the exclusive one." *Id.* (*quoting N. Cal. District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)).

Here, the language designating the District of Minnesota as the exclusive forum for disputes is clear and unambiguous. The CSA states:

> Any suit filed against Kingdom arising out of or in connection with this Agreement shall only be instituted in the county courts of Calloway Country [sic], Kentucky.

Mot. at 6–7 (emphasis added). The unambiguous language of the clause makes clear that the clause is mandatory with regard to any dispute "arising out of or in connection with" the CSA.

The parties' primary dispute regarding the application of the forum selection clause is based on the fact that Plaintiff was not in fact a signatory to the CSA. Plaintiff argues that his status as a non-party means that he is not bound by the forum selection clause, while Defendant contends that Plaintiff is bound by the clause because he is a third-party beneficiary of the contract.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00830-DOC-MRW　　　　　　　　　　　　　　Date: November 13, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

Forum selection clauses are enforceable against non-parties when the non-party is a third-party beneficiary of the contract and the non-party and the conduct at issue are "closely related" to the parties to the contract with the forum selection clause. Mot. at 9; *Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 947 (S.D. Cal. 2019) (citing *Nguyen v. Barnes & Noble, Inc*., 763 F.3d 1171, 1180 (9th Cir. 2014) and *Manetti-Farrow, Inc*., 858 F.2d at 514). In the Ninth Circuit, "where the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clause." *Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 456 (9th Cir. 2007); *see also JH Portfolio Debt Equities, LLC v. Garnet Capital Advisors, LLC*, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018) ("[A] non-signatory party is bound by a forum selection clause when its alleged conduct is closely related to the contract.") (emphasis original).

While Plaintiff attempts to argue that he is not a third-party beneficiary bound by the CSA because he does not seek enforcement of the CSA, Opp'n at 6–8, the Complaint repeatedly invokes the CSA as a source of duties owed to Plaintiff by Kingdom Trust. Compl. at ¶ 134–202. Thus, in order to determine Defendant's liability, if any, a court will have to refer the terms of the CSAs. As such, Plaintiff is a third-party beneficiary who is subject to the mandatory forum selection clause at issue.

### b. Enforceability of the Forum Selection Clause

The Court next turns to whether the Agreement's forum selection clause is enforceable. *See Atl. Marine*, 134 S. Ct. at 581 n.5. The Court must apply "federal law to determine the enforceability of the forum selection clause." *AOL*, 552 F.3d at 1083 (citing *Manetti-Farrow, Inc.,* 858 F.3d at 513. A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10*; see also Pelleport Investors, Inc. v. Budco Quality Theaters, Inc*., 741 F.2d 273, 279 (9th Cir. 1984). A forum selection clause may be unreasonable if: "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' the complaining parties would 'for all practical purposes be deprived of [their] day in court[;]' or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (quoting *Bremen*, 407 U.S. at 12–13). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *AOL*, 552 F.3d at 1083 (citing *Bremen*, 407 U.S. at 17).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-00830-DOC-MRW | Date: November 13, 2020 |
| | Page 5 |

Here, while Plaintiff argues that public policy concerns favor adjudication in this Court, Plaintiff's arguments regarding the small size of the Calloway County judiciary and this Court's familiarity with the facts of the case are unpersuasive. *See* Opp'n at 11–12. This Court has no doubt that the Calloway County court is equipped to handle this case, and these arguments are insufficient to meet Plaintiff's "heavy burden" of establishing the unreasonableness of enforcement.

### III.    Disposition

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: |
| CIVIL-GEN | kd |